Kelly A. Evans
Nevada Bar No. 7691
Chad R. Fears
Nevada Bar No. 6970
Joshua D. Cools
Nevada Bar No. 11941
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile:  (702) 784-5200
Email: kevans@swlaw.com
Email: cfears@swlaw.com
Email: jcools@swlaw.com

Attorneys for Defendant
BRISTOL-MYERS SQUIBB COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BEVERLY J. EZRA, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br>WEITZ & LUXENBERG, P.C., a New York professional corporation, BRISTOL-MYERS SQUIBB AND COMPANY, a Delaware corporation; MEDICAL ENGINEERING CORPORATION, a Delaware corporation; and DOES and ROES I through XX, inclusive,<br><br>                    Defendants. | CASE NO.:  2:16-cv-00486-RFB-PAL<br><br>**DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY'S AND WEITZ & LUXENBERG'S PROPOSED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

The Defendants Bristol-Myers Squibb Company's ("BMS") and Weitz & Luxenberg's ("W&L") hereby submit their Proposed Joint Discovery Plan and Scheduling Order.[1]

---

[1] The parties agreed to all aspects of the proposed discovery plan and scheduling order except for language of the "Stipulation to Stay Discovery" section. *See* email chain dated 6/21/2016 – 6/22/2016, Exhibit 1, plaintiff's version, attached to email dated 6/21/16 5:09 pm Exhibit 2, and Defendants' version attached to email dated 6/22/2016 1:46 pm, Exhibit 3.  All parties agree that discovery should be stayed pending the dispositive motions.  Plaintiff wanted just the first sentence to be included: "The parties jointly request that the Court hold all discovery obligations in abeyance until all of the pending motions are resolved."  Defendants wanted the rest of the paragraph contained in this Proposed Discovery Plan.  Defendant BMS filed a motion to dismiss against all claims against it on the grounds that they were barred by the statutes of limitations, not ripe, and that Plaintiff failed to meet the pleading requirements of Rule 8 and 9.  Defendant W&L moved to dismiss all of Plaintiff's claims against it for lack of

**BRIEF BACKGROUND**

This Case arises from a dispute pertaining to the filing of an Order ("Order") in the United States District Court for the Eastern District of New York under Case No. 98-CV-0118 on August 31, 2000. Plaintiff alleges that the Order was to be entered pursuant to a Tolling Agreement ("Tolling Agreement") executed on January 26, 2000 by BEVERLY J. EZRA, and later signed by attorneys representing BRISTOL-MYERS SQUIBB COMPANY ("BMS") and MEDICAL ENGINEERING CORPORATION, and WEITZ & LUXENBERG, P.C. ("W&L"), which represented BEVERLY J. EZRA.

Plaintiff alleges that the Tolling Agreement specified that the referenced case was to be dismissed without prejudice and that BEVERLY J. EZRA would be able to re-litigate the case in the future as the applicable statute of limitations would be tolled.

Plaintiff alleges that on October 25, 2015, she was informed that the referenced case had been dismissed with prejudice and that she therefore could not re-litigate the case as had been agreed.

On March 6, 2016, Plaintiff filed this lawsuit against Defendants, BRISTOL-MYERS SQUIBB COMPANY, MEDICAL ENGINEERING CORPORATION and WEITZ & LUXENBERG, P.C.;

On April 19, 2016, Defendant BMS moved to dismiss all claims against BMS;

On April 22, 2016 the Court Clerk entered a Default against Defendant W&L, for failing to answer or otherwise plead within the statutory time to do so;

On April 24, 2016 and April 26, 2016, Plaintiff filed motions for Default Judgment against Defendant W&L;

On May 5, 2016 Plaintiff filed a Notice of Intent to Take Default against Defendant W&L;

---

personal jurisdiction, lack of subject matter jurisdiction because Plaintiff's claims are not ripe and she is collaterally estopped in bringing this suit, and for Plaintiff's failure to adequately state claims for relief. In the alternative, Defendant W&L also brought a motion to transfer the case to the United States District Court for the Eastern District of New York. Although the parties here agree to stay discovery pending resolution of the pending motions, Defendants also believe that the conditions of *Trade Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) are met based on the arguments raised in the motions.

- 2 -

On May 9, 2016 Defendant W&L filed a Motion to Dismiss all Claims against W&L, and in the alternative, a motion to transfer this case to the Eastern District of New York.  On May 9, 2016, Defendant W&L also filed a Motion to Set Aside Clerk's Entry of Default and a Response to Plaintiff's Motion for Default Judgment.

All parties have now filed their respective responses to all pending motions.

Pursuant to the request of Defendants hereto, and considering the dispositive motions and responses pending before this Court, the Court granted their request to extend the deadline to file a Discovery Plan.  Accordingly, on June 20, 2016, pursuant to Fed. R. Civ. P 26(f), counsel for the respective parties met and conferred and Defendants are hereby submitting their Proposed Joint Discovery Plan and stipulation to stay discovery pending the court's rulings on the referenced dispositive motions.

## STIPULATION TO STAY DISCOVERY

The parties jointly request that the Court hold all discovery obligations in abeyance until all of the pending motions are resolved.  When considering a request to stay discovery, "this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case."[2]  While the parties disagree as to the merits of the pending motions, they concur that it will be best for the parties and the Court if discovery is stayed until these motions are resolved.  If the motions are granted there would be no need for discovery.  Moreover, the nature of Plaintiff's claims also warrant a stay because her claims implicate discovery relating to the underlying product liability lawsuit and will potentially be quite onerous for all parties.  In sum, the principles articulated in FRCP 1—justice, expediency, and efficiency—support staying discovery while the Court considers the pending motions.

## PROPOSED SCHEDULE

1.  Discovery shall be held in abeyance until disposition of all dispositive motions now pending before this Court.  Thereafter, discovery shall be conducted as follows:

---

[2] *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

- 3 -

      a.    Within seven (7) days of the order addressing the last of the pending motions, the remaining parties shall hold a subsequent 26(f) conference;

      b.    Within seven (7) days of the subsequent 26(f) conference, the parties shall submit to the Court, a discovery plan in compliance with LR 26-1, anticipating the following deadlines.

DATED June 23, 2016.

| SNELL & WILMER L.L.P. | THE DRAKULICH FIRM, APLC |
|---|---|
| By: /s/ Chad R. Fears<br>Kelly A. Evans<br>Nevada Bar No. 7691<br>Chad R. Fears<br>Nevada Bar No. 6970<br>Joshua D. Cools<br>Nevada Bar No. 11941<br>3883 Howard Hughes Pkwy., Ste. 1100<br>Las Vegas, NV 89169<br><br>Attorneys for Defendant<br>BRISTOL-MYERS<br>SQUIBB COMPANY | By: /s/ Robert J. Drakulich<br>Nicholas J. Drakulich<br>Nevada Bar No. 1407<br>Robert J. Drakulich<br>Nevada Bar No. 11954<br>245 E. Liberty St., Ste. 510<br>Reno, NV 89501<br><br>Attorneys for Defendant<br>WEITZ & LUXENBERG, P.C.<br>A New York Professional Corporation |

**IT IS SO ORDERED.**

DATED: June 24, 2016

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the **WITHDRAWAL OF DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY'S AND WEITZ & LUXENBERG'S JOINT MOTION TO EXTEND DEADLINE TO FILE DISCOVERY PLAN** by the method indicated below:

| | | | |
|---|---|---|---|
| XXXXX | Electronic Service (CM/ECF) | _____ | Federal Express |
| _____ | U.S. Mail | _____ | U.S. Certified Mail |
| _____ | Facsimile Transmission | _____ | Hand Delivery |
| _____ | Email Transmission | _____ | Overnight Mail |

and addressed to the following:

Alan S. Levin, Esq.
ALAN S. LEVIN, P.C.
P.O. Box 4703
Incline Village, NV 89450
Telephone: (775) 831-5603
Email: flitequack@aol.com
Attorneys for Plaintiff

Nicholas J. Drakulich, Esq.
Robert J. Drakulich, Esq.
**THE DRAKULICH FIRM, APLC**
245 E. Liberty St., Ste. 510
Reno, NV 89501
Telephone: (775) 322-0673
Facsimile: (775) 322-2459
Email: njd@draklaw.com
Email: rjd@draklaw.com
Attorneys for Defendant
WEITZ & LUXENBERG, P.C.
A New York Professional Corporation

DATED June 23, 2016.

/s/ Julia L. Melnar
An Employee of Snell & Wilmer L.L.P.

24358467.2

- 5 -