# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BEVERLY J. EZRA, | Case No. 2:16-cv-00486-RFB-PAL |
| Plaintiff, | **ORDER** |
| v. | Defendants' Motions to Dismiss |
| WEITZ & LUXENBERG, P.C., *et al.* | (ECF Nos. 11 and 45) |
| Defendants. | |

## I. INTRODUCTION

This case is before the Court on a Motion to Dismiss by Defendant Bristol-Myers Squibb ("BMS") (ECF No. 11) and a Motion to Dismiss by Defendant Medical Engineering Corporation ("MEC") (ECF No. 45). Plaintiff Beverly J. Ezra ("Ezra" or "Plaintiff") claims that Defendants, who were involved in litigation with Plaintiff in the Eastern District of New York from 1998-2000, breached a Tolling Agreement signed with Plaintiff during the course of that litigation. BMS and MEC have joined in one another's motions, so the Court considers the motions together.

For the reasons stated below, the motions are GRANTED with respect to Plaintiff's fraud and IIED claims, and DENIED with respect to Plaintiff's breach of contract and breach of covenant of good faith and fair dealing claims.

## II. BACKGROUND

### A. Factual Background

The following factual allegations are taken from Plaintiff's complaint. (ECF No. 1). Plaintiff Beverly J. Ezra sustained severe injuries as a result of her exposure to toxic chemicals used in her breast implants, manufactured and distributed by BMS and MEC. On or about July 7,

1997, Ezra retained Sybil Shainwald, Esq., to represent her in an action against the manufacturers. On January 9, 1998, by and through her attorney, Sybil Shainwald, Ezra filed a summons and complaint against BMS and MEC in the U.S. District Court, Eastern District of New York, under Case No. 1-98-cv-00118-JBW.

Soon thereafter, the Law Office of Sybil Shainwald referred Ezra's case to Defendant Weitz & Luxenberg, P.C., who assumed the role of Ezra's legal representatives in the New York case. On or about January 21, 2000, Robert J. Gordon, a member of Weitz & Luxenberg, sent a letter to Ezra indicating that he had negotiated a Tolling Agreement with the attorneys for Defendants, BMS and MEC. It was explained to Ezra that the Tolling Agreement would allow her to withdraw her case without costs and without prejudice to refiling at a later time. The letter informed Ezra that it was in her best interests to sign the Tolling Agreement so that she could keep her existing local case intact and later litigate it, using additional medical information which was soon to be published.

Ezra was assured by her lawyer that the statute of limitations would not run against her if she filed the Tolling Agreement. Ezra signed the Tolling Agreement on January 26, 2000. The Tolling Agreement further specified that if she did not refile her action within one year of the dismissal of the referenced case, that the named Defendants would agree to toll the applicable statute of limitations for those actions, from the date of the dismissal to a date two years after Ezra's death.

On August 31, 2000, without Ezra's consent or knowledge, and in contradiction to the Tolling Agreement, her attorneys and the named Defendants entered into, and filed with the Court, a Stipulation dismissing Ezra's case *with* prejudice.

Ezra first became aware that her case had been dismissed with prejudice on October 26, 2015, when her attorney in the instant case looked up the earlier case, and informed her of this fact. Ezra generally alleges that Defendants caused severe emotional distress to her.

**B. Procedural Background**

Plaintiff filed her Complaint on March 6, 2016. (ECF No. 1). Defendant BMS filed its Motion to Dismiss on April 19, 2016. (ECF No. 11). Plaintiff responded on May 3, 2016 (ECF

No. 17), and Defendant Replied on May 13, 2016 (ECF No. 25). Defendant MEC filed its Motion to Dismiss on September 27, 2016. (ECF No. 45). Plaintiff responded on October 12, 2016 (ECF No. 47), and Defendant replied on October 24, 2016. (ECF No. 48). Defendants BMS and MEC joined in one another's motions. Plaintiff brings claims for Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Misrepresentation, Fraud, and Deceit; and Intentional Infliction of Emotional Distress.

**III.    LEGAL STANDARD**

**A. Motion to Dismiss**

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Sec. Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but merely asserting "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, a claim will not be dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). In sum, at the motion to dismiss stage, "[t]he issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to *offer* evidence to support the claims." Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)) (emphasis in original).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)

(citation and internal quotation marks omitted). If the district court relies on materials outside the pleadings submitted by either party to the motion to dismiss, the motion must be treated as a Rule 56 motion for summary judgment. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Two exceptions to this rule exist. First, the court may consider extrinsic material "properly submitted as part of the complaint," meaning documents either attached to the complaint or upon which the plaintiff's complaint necessarily relies and for which authenticity is not in question. Lee, 250 F.3d at 688 (citation omitted). Second, the court "may take judicial notice of matters of public record." Id. (citation and internal quotation marks omitted).

## IV. DISCUSSION

### A. Ripeness

"A dispute is ripe in the constitutional sense if it presents concrete legal issues, presented in actual cases, not abstractions . . . . Ripeness and standing are closely related because they originate from the same Article III limitation . . . in many cases, ripeness coincides squarely with standing's injury in fact prong." Montana Envtl. Info. Ctr. v. Stone-Manning, 766 F.3d 1184, 1188-89 (9th Cir. 2014) (internal citations and quotation marks omitted).

Defendants argue that Plaintiff's claim is unripe in that her injury is effectively speculative – that she would be denied the opportunity to re-instate her product liability claim against BMS and MEC, despite never trying to re-instate those claims after the initial dismissal of her New York case.

Plaintiff's alleged injury, on which her request for damages is based, is that the dismissal with prejudice in her earlier case, in alleged contravention of Tolling Agreement she signed with Defendants, bars her from bringing her underlying product liability case. The Court finds that the alleged injury became ripe when the earlier court filed the order dismissing her initial case with prejudice. The Court does not find that the injury would only become ripe upon Plaintiff's attempt to refile her product liability claims against BMS and MEC; where there is a Court order precluding her from doing so, the injury is already ripe.

Therefore, the Court rejects this argument for dismissal.

**B. Statute of Limitations**

Breach of contract claims in Nevada must be brought within six years. NRS 11.190(1)(b). Actions based on fraud or mistake have a three-year statute of limitations period. NRS 11.190(3)(d). Actions to recover damages for injuries to a person caused by the wrongful act or neglect of another, have a two-year limitations period. NRS 11.190(4)(e). Defendants argue that Plaintiff's claims for breach of contract, breach of covenant of good faith and fair dealing, and fraud and misrepresentation, are precluded by these statutes of limitation. While Plaintiff's claims were brought well outside of the statute of limitations if the date of the alleged breach is considered to be the point of accrual of those claims, Plaintiff's Complaint states that she only became aware of the breach of the alleged earlier "Tolling Agreement" in October 2015, when her lawyer in the instant litigation brought it to her attention as she was attempting to renew her products liability action. Therefore, Plaintiff argues that her claims did not accrue until October 2015.

Statutes of limitation may be "tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." Peterson v. Bruen, 106 Nev. 271, 274 (Nev. 1990). Defendants argue that Plaintiff's allegation that she did not learn of the dismissal until October 2015, in spite of the publicly filed record in her original federal court action, is insufficient to toll the statutes of limitation. Defendants argue that since a litigant is "considered to have notice of all facts known to their lawyer-agent," and the lawyer should have known of the dismissal with prejudice, that knowledge should be imputed to Plaintiff. Ringgold Corp. v. Worral, 880 F.2d 1138, 1141-42 (9th Cir. 1989). The Court finds that since Plaintiff has named her former counsel as a Defendant in this case and is alleging affirmative misrepresentations and fraud on their part as to the nature of the dismissal of her earlier case, Plaintiff's representation that she was unaware of the earlier dismissal with prejudice is a credible representation. Therefore, the Court will allow tolling of the relevant statutes of limitation to October 2015.

**C. Failure to State a Claim**

    **i. Breach of Contract**

Under Nevada law, to prevail on a breach of contract claim, a plaintiff must show "(1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach." Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 899 (9th Cir. 2013) (internal citation omitted).

Plaintiff has alleged the existence of a Tolling Agreement which provided that Plaintiff would dismiss her case without prejudice. She has alleged that Defendants, BMS and MEC, in addition to Plaintiff's counsel in that earlier case, stipulated to a dismissal with prejudice without her knowledge, and therefore breached the Tolling Agreement. She alleges that she has been damaged by her inability to renew her products liability action. Therefore, Plaintiff has stated a breach of contract cause of action.

### ii. Breach of Covenant of Good Faith and Fair Dealing

Under Nevada law, every contract imposes upon each party a duty of good faith and fair dealing in its performance and execution. See A.C. Shaw Constr. Inc. v. Washoe Cty., 105 Nev. 913, 914 (Nev. 1989). To state a claim for breach of the covenant of good faith and fair dealing, plaintiff must allege facts showing: (1) plaintiff and defendant were parties to an agreement; (2) the defendant owed a duty of good faith to the plaintiff; (3) the defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. Perry v. Jordan, 111 Nev. 943, 947-48 (Nev. 1995).

Plaintiff has alleged the existence of a Tolling Agreement; that the Defendants owed a duty of good faith to her pursuant to the agreement, to dismiss her case without prejudice; that in allegedly stipulating to the dismissal with prejudice, they performed in a manner unfaithful to the agreement; and that Plaintiff's expectations of the outcome of the agreement were denied, in her case being dismissed with prejudice. Therefore, in the alternative to a breach of contract, Plaintiff has adequately pled a breach of the covenant of good faith and fair dealing.

### iii. Misrepresentation, Fraud, and Deceit

When alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). To satisfy this heightened pleading requirement, a party must plead with particularity "the time, place, and nature of misleading statements,

misrepresentations, and specific acts of fraud." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), overruled on other grounds by City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc., 856 F.3d 605 (9th Cir. 2017) (internal citation omitted). Here, Defendants argue that Plaintiff has failed to plead those facts with particularity, and instead has generally alleged that a Tolling Agreement was signed, and that Defendants breached that agreement.

Plaintiff's Complaint only states that Defendants "without the consent or knowledge of Ezra, and in direct contradiction to the agreed upon Tolling Agreement," entered into a stipulation of dismissal with prejudice. Plaintiff has alleged no misleading statements or specific acts of fraud. Therefore, Plaintiff has failed to adequately plead her fraud claim.

### iv. Intentional Infliction of Emotional Distress ("IIED")

To establish a claim for IIED, a plaintiff must prove: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff's having suffered severe or extreme emotional distress; and (3) actual or proximate causation." Star v. Rabello, 97 Nev. 124, 125 (Nev. 1981) (internal citation omitted). Liability for emotional distress is reserved for acts that "shock the conscience." Id.

Plaintiff alleged that Defendant's actions were "utterly intolerable," but these bare allegations are insufficient to make the alleged conduct rise to the level of "outrageous." Furthermore, she has alleged no specific emotional or physical injury as a consequence. Therefore, Plaintiff has failed to adequately plead her IIED claim.

### D. Collateral Estoppel

Defendants assert that Plaintiff has already prosecuted her systemic injuries claim arising out of her silicone breast implants, in a separate case in the Eastern District of Michigan, against a different Defendant, Dow Corning.[1] In that proceeding, Defendants assert that Plaintiff actually litigated, and the court decided, the merits of whether there is adequate scientific evidence to show causation between her silicone implants and the injuries she claims. They argue that in order to

---

[1] In re Dow Corning, Corp. v. DCC Litig. Facility, 541 B.R. 643, 646-47 (E.D. Mich. 2015); Defendants attach a copy of the order in this case to their Motion to Dismiss (ECF No. 19-3), and argue that they are in privity with Dow Corning.

prevail on her current claims, regarding a breach of the Tolling Agreement, she must show that she would have prevailed on her product liability claims if she had been permitted to relitigate them against BMS and MEC.

In the earlier case, the Eastern District of Michigan granted Dow Corning's motions to exclude Plaintiff's expert opinions. Issue preclusion, the doctrine Defendants attempt to invoke, applies when: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding." Paulo v. Holder, 669 F.3d 911, 917 (9th Cir. 2011) (alteration in original) (internal citation omitted). Defendant has not proven the elements of issue preclusion. The issue decided in the earlier litigation, as to the experts proffered in that litigation, is not necessarily identical to the issue which would be litigated as to the damages in the instant case. Plaintiff can assert damages related to the legal fees and preparation she made to refile her case, and may also be able to prove her ability to relitigate her case through the use of a different expert or different evidence. At the hearing on this motion, Plaintiff argued that the on the face of the dismissal order in the Michigan case, there is no identity of issues between the Michigan case and the instant case.

The Court does not find that the Eastern District of Michigan opinion meets all of the elements of issue preclusion, in that the issue necessarily decided at the previous proceeding is not identical to the one being litigated in the instant case, nor would it necessarily preclude damages in the instant case. Therefore, the Court rejects this argument for dismissal.

/ / /

/ / /

/ / /

## V. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Motions to Dismiss [ECF No. 11] and [ECF No. 45] are GRANTED with respect to Plaintiff's fraud and IIED claims, and DENIED with respect to Plaintiff's breach of contract and breach of covenant of good faith and fair dealing claims.

DATED: October 10, 2017.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**